**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| DARRIAN BLACK, ROGER J. MIRACLE, ANN M. MIRACLE, VIRGINIA LOUISE BLEEG, HAROLD S. MacLAUGHLAN, and REBECA MacLAUGHLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> RICK HASELTON, REX ARMSTRONG, ELLEN ROSENBLUM, PAUL DE MUNIZ, W. MICHAEL GILLETTE, ROBERT DURHAM, THOMAS BALMER, RIVES KISTLER, VIRGINIA LINDER, JACK LANDAU, and DEBBIE SLAGLE, all in their official capacities, <br><br> Defendants. | **No. 03:12-cv-02213-HU** <br> **No. 03:12-cv-02221-HU** <br> **No. 03:12-cv-02222-HU** <br><br> **FINDINGS & RECOMMENDATION ON MOTION TO DISMISS** |

_____

Robert C. Robertson
1175 East Main Street
Suite 1F
Medford, OR 97504

    Attorney for Plaintiffs


Mary H. Williams
Deputy Attorney General
Frank Hammond
Darsee Staley
Senior Assistant Attorneys General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301-4096

    Attorneys for Defendants

1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

The plaintiffs in these three consolidated cases bring identical claims against the defendants, seeking declaratory and injunctive relief. The plaintiffs, as well as other individuals who are not parties to the present actions, brought eminent domain actions in Clackamas County Circuit Court against Metro, "a metropolitan service district," under Measure 37, originally codified as ORS § 197.352 (now ORS § 195.305). Measure 37 provided for "just compensation" to property owners whose property value was reduced by a land use regulation. ORS § 197.305(1). The plaintiffs own properties affected by a Metro ordinance imposing certain land use restrictions. They applied to Metro for just compensation, and when their claims were denied, the plaintiffs sued Metro in the Clackamas County Circuit Court.

The parties in the state cases entered into a stipulation of facts, based upon which the state court entered conclusions of law, and rendered judgment awarding the plaintiffs "just compensation in the amount of $14,818,158." *Bleeg v. Metro*, 229 Or. App. 210, 214, 211 P.3d 302, 304 (2009) ("*Bleeg*"), *rev. denied*, 349 Or. 56, 240 P.3d 1097 (2010), *cert. denied sub nom. Black v. Metro*, ___ U.S. ___, 131 S. Ct. 2970, 180 L. Ed. 2d 247 (2011) (mem.) ("*Black*"). The judgment was entered on December 5, 2007. The next day, December 6, 2007, Measure 49 became effective. Measure 49 "extinguish[ed] and replace[d] the benefits and procedures that Measure 37 granted to landowners." *Corey v. Dept. of Land Conserv. & Devel.*, 344 Or. 457, 465, 184 P.3d 1109, 1113 (2008).

On December 7, 2007, the day after Measure 49 became effective, "the trial court entered corrected general judgments

2 - FINDINGS & RECOMMENDATION

that added a money award to the judgment for each plaintiff." *Bleeg*, 229 Or. App. at 214, 211 P.3d at 304.  The court awarded $1,580,000 to plaintiff Darrian Black, Dkt. #3, ¶ 5, in 03:12-cv-02213-HU; $2,400,000 to plaintiffs Ann and Roger Miracle, *id.*; $10,540,658 to plaintiff Virginia Bleeg, Dkt. #3, ¶ 5, in 03:12-cv-02221-HU; and $297,500 to plaintiffs Harold and Rebecca MacLaughlan, Dkt. #4, ¶ 5, in 03:12-cv-02222-HU. These "corrected general judgments . . . included a notation that they were *nunc pro tunc* to December 5."  *Bleeg*, 229 Or. App. at 214, 211 P.3d at 304.

Metro appealed all of the corrected judgments.  On June 24, 2009, the Oregon Court of Appeals ("COA") issued a consolidated opinion in all of the state cases. *Bleeg, supra*. The COA did not reach Metro's assignments of error, however, because the court found the plaintiffs' cases were no longer justiciable after the enactment of Measure 49.  The COA held that because the time to appeal had not yet run, "the dispute involving plaintiffs' Measure 37 claims for just compensation was ongoing as of the time that Measure 49 became effective - indeed that ongoing dispute about plaintiffs' Measure 37 claims for just compensation is the subject of this appeal." *Bleeg*, 229 Or. App. at 217, 211 P.3d at 306. Thus, unlike the cases relied on by the plaintiffs, *see* Dkt. #34[1], the judgment in the trial court had not become final, in the sense that the time to appeal had not run.  As a result, the court held the plaintiffs' Measure 37 claims were superseded by Measure 49, which effectively "deprive[d] the trial court's judgments . . . of continuing viability." *Id.*  For this reason, the COA held the

---

[1]Except where noted otherwise, citations to docket numbers refer to the main case, 03:12-cv-2213-HU.

3 - FINDINGS & RECOMMENDATION

plaintiffs' Measure 37 cases were no longer justiciable.  The COA vacated the judgments, and remanded the plaintiffs' cases for entry of judgment dismissing their claims.  *Id.*, 229 Or. App. at 218-19, 211 P.3d at 306.  The plaintiffs' petition for review was denied by the Oregon Supreme Court on December 9, 2010.  *Bleeg*, 349 Or. 56, 240 P.3d 1097 (2010).  The United States Supreme Court denied review on June 6, 2011.  *Black*, *supra*.  Acting in her capacity as Clerk of the Clackamas County Circuit Court, defendant Debbie Slagle docketed the final appellate judgment in the circuit court.

     The plaintiffs bring the current cases against all of the Oregon Court of Appeals judges who participated in the *Bleeg* decision (i.e., defendant Judges Haselton, Armstrong, and Rosenblum); all justices of the Oregon Supreme Court who participated in the denial of review (i.e., defendant Justices de Muniz, Gillette, Durham, Balmer, Kistler, Linder, and Landau); and Debbie Slagle, trial court administrator for the Clackamas County Circuit Court.  In 275 numbered paragraphs comprising 51 causes of action, the plaintiffs claim the defendants' actions violated their rights under the United States and Oregon constitutions.  They seek a declaration that (1) their judgments in the state cases "and legal entitlements pursuant thereto are property interests protected against state appropriation by the Constitution of the United States"; (2) those property interests "have been taken by unconstitutional state action"; (3) Slagle's action in vacating the trial court's judgments constituted an unconstitutional taking without compensation; (4) termination of their property interests was a violation of their civil rights, their "rights of association," and other constitutional rights; and (5) "termination of their final

4 - FINDINGS & RECOMMENDATION

judgment[s] in the Circuit Court was the implementation of a statewide judicial scheme to retroactively and unconstitutionally take away rights and entitlements of claimants under Measure 37." Dkt. #3 in 03:12-cv-02213-HU, ¶¶ 265-73. The plaintiffs also seek a writ of mandamus directing Slagle to vacate the dismissal of the plaintiffs' judgments, and to "reinstate *nunc pro tunc* to December 5, 2007[,] the final judgment of the Circuit Court of Clackamas County." *Id.*, ¶ 264.

The case is before the court on the defendants' motion to dismiss, Dkt. #22. The defendants assert three alternative grounds for dismissal. First, they argue this court lacks jurisdiction to grant the requested relief. Second, they argue all of the defendants are entitled to absolute immunity from suit for rendering judicial decisions and performing tasks as part of the judicial process. Third, they argue each of the plaintiffs' claims is "insufficient as a matter of law based on the constitutional principles identified." Dkt. #23, p. 2.

### ***DISCUSSION***

#### ***A.  Jurisdiction***

The court lacks jurisdiction over the plaintiffs' claims under the *Rooker-Feldman* doctrine. The United States Supreme Court is the <u>only</u> federal court that has jurisdiction to correct a state court judgment. Further, federal courts lack jurisdiction to review constitutional claims under 42 U.S.C. § 1983, when those claims are inextricably intertwined with the underlying state court decisions. *Rooker v. Fidelity Trust Co.*, 362 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v.*

5 - FINDINGS & RECOMMENDATION

*Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 1316, 75 L. Ed. 2d 206 (1983).

In addition, it is well settled that federal courts lack jurisdiction to issue writs of mandamus to direct either state officials or state courts in the performance of their duties. "A petition for a writ of mandamus requesting such relief is frivolous as a matter of law." *Ward v. Hall*, 2008 WL 3100784, at *1 (D. Or. Aug. 1, 2008) (Haggerty, J) (citing *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1999), in turn citing 28 U.S.C. § 1651, and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S. Ct. 900, 919, 79 L. Ed. 2d 67 (1984)).

Simply stated, this court lacks jurisdiction over the plaintiffs' claims, and the defendants' motion to dismiss should be granted. Because no amendment could change this result, the dismissal should be *with prejudice.*

### B. Judicial Immunity

Even assuming *arguendo* that this court did have some basis for jurisdiction over the plaintiffs' claims, all of the defendants would be entitled to absolute judicial immunity for their actions. As a result, the plaintiffs have failed to state a claim for which relief may be granted, and the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349, 364, 98 S. Ct. 1099, 1108, 55 L. Ed. 2d 331 (1978)). Judges enjoy absolute immunity from a civil

6 - FINDINGS & RECOMMENDATION

action for damages, as well as for equitable relief. *See Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (citing cases); *Mullis v. Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (judicial immunity extends to actions for equitable relief). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him [or her], shall be free to act upon his [or her] own convictions, without apprehension of personal consequences to himself [or herself].'" *Mireles*, 502 U.S. at 10, 112 S. Ct. at 287 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1872)).

"[T]he immunity covers only those acts which are 'judicial' in nature." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 360-64, 98 S. Ct. 1099, 1106-08, 55 L. Ed. 2d 331 (1978)). However, "(a) judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority; rather he [or she] will be subject to liability only when he [or she] acted in the clear absence of all jurisdiction." *Id.* (internal quotation marks, citations omitted); *see Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

In addition, "under absolute 'quasi-judicial immunity,' court personnel whose challenged activities are an 'integral part of the judicial process' are immune from liability." *Phiffer v. Oregon*, 2011 WL 7396602, at 6 (D. Or. Nov. 21, 2011) (Sullivan, MJ)

7 - FINDINGS & RECOMMENDATION

(quoting *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979)). This quasi-judicial immunity extends to court clerks. *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (citing *Morrison*, 607 F.2d at 1273).

There is no dispute that the actions of the defendants in this case were "judicial" in nature. The plaintiffs, however, argue the defendants "never had judicial immunity" because "they had no []statutory or constitutionally delegated duties." Dkt. #34, p. 5. They argue further that the defendants are not shielded by the "state's sovereign immunity" because they violated federal law. Dkt. #34, p. 6; *see id.*, pp. 5-25. The plaintiffs argue that when Metro filed its appeal, the COA first had to determine whether it had jurisdiction to consider the merits of the appeal. According to the plaintiffs, "[t]he decision that the case was nonjusticiable [and] moot necessarily was a decision that the COA lacked jurisdiction to do anything but dismiss the appeal." *Id.*, p. 18. The plaintiffs conclude, therefore, that the COA exceeded its authority and acted outside its jurisdiction when it ordered the trial court to dismiss the plaintiffs' cases as moot. *Id.* Thus, they reason, the defendants' actions were "'taken in the complete absence of all jurisdiction,'" and therefore, the defendants are not immune for their actions. *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991)).

The plaintiffs' analysis is flawed. The enactment of Measure 49 did nothing to change the jurisdiction of Oregon appellate courts to hear appeals from civil judgments rendered by Oregon's circuit courts. The Oregon appellate courts' jurisdiction is established by law. *See* Or. Const. art. VII, § 6; ORS § 2.516; *see*

8   - FINDINGS & RECOMMENDATION

*also* ORS §§ 19.415, 19.420. "The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been [properly] served and filed. . . ." ORS § 19.270(1). Pursuant to its statutory authority, the COA considered existing Oregon Supreme Court precedents interpreting Measure 49 and its interplay with Measure 37, and concluded that because the plaintiffs cases were still "live" controversies at the time the appeal was filed, their claims were subject to, and superseded by, Measure 49. *Bleeg*, 229 Or. App. at 217, 211 P.3d at 306. The COA's decision in that regard, the Oregon Supreme Court's denial of review, and Slagle's actions in docketing and complying with the appellate judgment, all were actions judicial in nature, taken by the defendants in their judicial (or quasi-judicial, in the case of Slagle) capacities. The court finds the Oregon courts acted within their jurisdiction, and all of the defendants are entitled to absolute judicial immunity from all of the plaintiffs' claims. Accordingly, the undersigned recommends the defendants' motion to dismiss be granted on this basis, as well, and that the dismissal be *with prejudice*.[2]

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **December 9, 2013.** If no objections are filed, then the Findings and Recommendations

---

[2]Because the court finds dismissal is appropriate for lack of jurisdiction, and for failure to state a claim, the court does not reach the parties' arguments regarding the merits of the plaintiffs' individual claims.

9 - FINDINGS & RECOMMENDATION

will go under advisement on that date.  If objections are filed, then any response is due by **December 26, 2013**.  By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 21st day of November, 2013.


/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

10 - FINDINGS & RECOMMENDATION